BLD-287                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3201
_____

IN RE:  RONALD DANDAR,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Criminal Action No. 09-cr-00272)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 8, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed September 27, 2011)
_____

OPINION
_____

PER CURIAM

Ronald Dandar, proceeding pro se and in forma pauperis, has filed a petition for a

writ of mandamus, or alternatively, a writ of error coram nobis, requesting that this Court

order the United States District Court for the Middle District of Pennsylvania to allow

him to file an "amicus curiae . . . motion," in a criminal proceeding in which he is not a

party.

Mandamus is a drastic remedy that is granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, there is no basis for granting the petition for a writ of mandamus, as Dandar does not have a "clear and indisputable" right to file motions or other documents in a criminal prosecution in which he is not involved. Further, even if the District Court had granted amicus curiae status to Dandar, he would not be a party to the case and thus could not assume the functions thereof. See Newark Branch, NAACP v. Town of Harrison, N.J., 940 F.2d 792, 808 (3d Cir. 1991) (explaining the limited role of amicus curiae). A writ of error coram nobis, which is a vehicle to attack allegedly invalid convictions which have continuing consequences, is also not appropriate. See 28 U.S.C. § 1651(a).

Accordingly, Dandar's petition for a writ of mandamus or, in the alternative, a writ of error coram nobis, will be denied.